STEPHANIE S. CHRISTENSEN
Acting United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section, Civil Division
RAHUL R.A. HARI (Cal. Bar No. 313528)
Assistant United States Attorneys
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-2420
     Facsimile: (213) 894-7819
     E-mail: Rahul.Hari@usdoj.gov

Attorneys for Defendants.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| YURI BUSIASHVILI,<br><br>    Plaintiff,<br><br>    v.<br><br>MIGUEL CARDONA, in his official capacity as Secretary of the U.S. Department of Education, U.S. DEPARTMENT OF EDUCATION, and DOES 1 through 10,<br><br>    Defendants. | No. 2:22-cv-00249-AB-AFM<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; AND PROPOSED ORDER**<br><br>Hearing Date: September 16, 2022<br>Hearing Time: 10:00 a.m.<br>Ctrm: First Street Courthouse<br>    Courtroom 7B<br><br><br>Hon. André Birotte Jr.<br>United States District Judge |

1

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

2       PLEASE TAKE NOTICE that, on September 16, 2022 at 10:00 a.m., or as soon

3   thereafter as it may be heard, Defendant Miguel Cardona, in his official capacity, and

4   Defendant United States Department of Education will, and hereby do, move this Court

5   for an order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction

6   pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant

7   to Federal Rule of Civil Procedure 12(b)(6).   This motion will be made before the

8   Honorable André Birotte Jr., United States District Judge, in Courtroom 7B of the First

9   Street U.S. Courthouse located at 350 W. 1st Street, Los Angeles, CA 90012.  Defendants

10   Miguel Cardona and the United States Department of Education bring this motion to

11   dismiss on the grounds that (1) Plaintiff fails to plead sufficient grounds to establish this

12   Court's subject matter jurisdiction over the instant action, (2) any claims based on Federal

13   law should be dismissed because Plaintiff has failed to plead an explicit and unequivocal

14   waiver of sovereign immunity, (3) any claims based entirely on state law should be

15   dismissed because they are barred by sovereign immunity, and (4) the Court lacks

16   jurisdiction over Plaintiff's punitive damages claims.

17       This motion is made upon this Notice, the attached Memorandum of Points and

18   Authorities, and all pleadings, records, and other documents on file with the Court in this

19   action, and upon such oral argument as may be presented at the hearing of this motion.

20       Counsel for Defendants sought to meet and confer with counsel for Plaintiff,

21   pursuant to Local Rule 7-3, on August 1, 2022.  On that date, counsel for Defendants

22   outlined by e-mail the rationale for the instant motion and availability for the week.

23   Counsel for Plaintiff responded promptly, indicating unavailability until August 8, 2022.

24   Counsel for both parties conferred telephonically on August 8, 2022.  This motion is made

25   following said conference.

26

27

28

1    Dated: August 12, 2022

2    Respectfully submitted,

3    STEPHANIE S. CHRISTENSEN
     Acting United States Attorney
     DAVID M. HARRIS
     Assistant United States Attorney
     Chief, Civil Division
     JOANNE S. OSINOFF
     Assistant United States Attorney
     Chief, General Civil Section, Civil Division

     /s/ Rahul R.A. Hari
     RAHUL R.A. HARI
     Assistant United States Attorney

     Attorneys for Defendants

ii

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3      On January 1, 2022, Plaintiff Yuri Busiashvili ("Plaintiff") filed a Complaint against

4 Miguel Cardona, in his official capacity as the Secretary of the U.S. Department of

5 Education, and the U.S. Department of Education.  *See* Plaintiff's Complaint ("Compl."),

6 Dkt. No. 1.  Plaintiff's claims arise from loans he obtained from the federal government

7 in 2012.  Plaintiff made infrequent payments on his federal loan and ultimately ceased

8 payments altogether.  Plaintiff now alleges that loan servicers' reporting on his default

9 constitutes a violation of federal and state law.  Plaintiff's Complaint purports to allege

10 three claims for relief, including: (1) declaratory relief under the Declaratory Judgment

11 Act ("DJA"), (2) damages for alleged violation of the Fair Credit Reporting Act

12 ("FCRA"), and (3) damages for alleged violation of California's Consumer Credit

13 Reporting Agencies Act ("CCRAA").  Plaintiff seeks declaratory relief and statutory,

14 actual, and punitive damages along with costs and fees.  Defendants now move to dismiss

15 the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

16      First, Plaintiff's Complaint fails to allege sufficient grounds to establish this Court's

17 jurisdiction to issue declaratory relief.  Plaintiff also cannot demonstrate a clear and

18 explicit waiver of the United States' sovereign immunity under the DJA.   Second,

19 Plaintiff's second claim for relief similarly fails because the United States has not waived

20 its sovereign immunity under the FCRA.  Third, Plaintiff cannot establish a clear and

21 explicit waiver of the United States' sovereign immunity subjecting it to suits under state

22 credit reporting laws, including California's CCRAA.  Lastly, Plaintiff's claim for

23 punitive damages cannot stand since punitive damages are unavailable against the United

24 States, absent express consent from Congress.

25      On these grounds, Defendants respectfully request that the Court grant this motion

26 to dismiss the Complaint.

27      //

28

## II.   STATEMENT OF FACTS

Plaintiff is indebted to the Department of Education for one Consolidation PLUS loan obtained under the William D. Ford Federal Direct Loan Program.  Plaintiff alleges that he paid on his loan "dutifully and consistently."  Compl. ¶8.  Plaintiff alleges that despite these regular payments, he noticed "idiosyncrasies" in how his payments were being allocated and "inconsistencies" in his statements.  *Id.*  As evidence, Plaintiff alleges a letter writing campaign between Plaintiff and his loan servicers, over the course of which loan servicers failed to provide complete copies of Plaintiff's loan information.  Compl. ¶¶8-14.  Plaintiff cites as an example in support of his claims that in one cover letter, the loan servicer Navient noted that "No payments were credited" to Plaintiff's loan.  Compl. ¶14.  Plaintiff then immediately admits that the attached payment history "showed dozens of payments by Plaintiff."  *Id.*

After Plaintiff defaulted on the loan, Plaintiff's Complaint states that the Department of Education "failed to note in its information to the reporting agencies that Plaintiff had disputed the debt" on which he had defaulted.  Compl. ¶15.  Asserting that the Department of Education "continues to report inaccurate information" (Compl. ¶17) regarding the status of Plaintiff's loan, Plaintiff seeks declaratory relief, statutory damages, actual damages, punitive damages, and costs and fees.

## III.   LEGAL STANDARD

Dismissal under Rule 12(b)(1) is proper if the Court lacks subject matter jurisdiction to adjudicate a plaintiff's claims.  Fed. R. Civ. P. 12(b)(1).  Federal courts are courts of limited jurisdiction, with the presumption being that "a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rest[ing] upon the party asserting jurisdiction."  *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (citation omitted).  A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence.  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  When a defendant makes a factual challenge "by presenting affidavits or other

evidence . . . the party opposing the motion must furnish affidavits or other evidence . . . to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  The court need not presume the truthfulness of the plaintiff's allegations under a factual attack.  *Id.* (citations omitted).

Additionally, a court may dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  To state a claim, a complaint must contain "sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).

Dismissal without leave to amend is appropriate when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## IV.   ARGUMENT

### A.   The Declaratory Judgment Act Does Not Provide an Independent Basis for Subject Matter Jurisdiction.

Plaintiff's First Claim for Relief under the Declaratory Judgment Act fails to provide a basis for federal question jurisdiction.  The Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201 *et seq.*, provides for the *possibility* of obtaining declaratory relief.  The statute is "procedural only," providing no independent cause of action.  *California Shock Trauma Air Rescue v. State Compensation Ins. Fund*, 636 F.3d 538, 543 (9th Cir. 2011). In order seek relief under the DJA, Plaintiff must assert an independent basis for federal jurisdiction, such as diversity jurisdiction or the violation of a federal right.  *See Fernandez v. JP Morgan Chase Bank NA*, 2015 WL 12734008, *7 (C.D. Cal. 2015) (citing *Morongo Band of Mission Indians v. California State Bd. Of Equalization*, 858 F.2d 1376, 1382-83 (9th Cir. 1988) ("The Declaratory Judgment Act *merely creates a remedy in cases otherwise within the court's jurisdiction*, it does not constitute an independent basis for jurisdiction.") (emphasis added).  Because Plaintiff's First Claim for Relief cites no

1 judicially remediable right, the DJA does not apply, and the claim should be dismissed.

2 Even if Plaintiff could amend the Complaint to include some jurisdictional hook

3 under the DJA, Plaintiff would still separately need to establish a waiver of sovereign

4 immunity. *Burns Ranches, Inc. v. U.S. Dept. of the Interior*, 851 F. Supp. 2d 1267, 1271

5 (D. Or. 2011) ("[E]ven if [the DJA] did grant jurisdiction, it would not necessarily waive

6 sovereign immunity."). Unless waived, sovereign immunity shields the United States and

7 its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The waiver must be

8 "unequivocally expressed" and "not enlarged beyond what the language requires." *United*

9 *States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992) (internal alterations and quotation

10 omitted). A plaintiff suing the federal government "bears the burden of pointing to such

11 an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.

12 1983). Absent a waiver of sovereign immunity, federal courts have no subject matter

13 jurisdiction in cases against the federal government. *United States v. Mitchell*, 463 U.S.

14 206, 212 (1983). The Declaratory Judgment Act does not provide the necessary waiver.

15 *See Safeco Insurance Co. of America v. Nelson*, 468 F. Supp. 3d 1291, 1297 (S.D. Cal.

16 2020) ("The Declaratory Judgment Act is neither a waiver of sovereign immunity nor an

17 independent grant of jurisdiction."); *Burns*, 851 F. Supp. 2d at 1272 (holding that it would

18 not be "accurate to jump" to the conclusion that the DJA waives sovereign immunity, even

19 if it established jurisdiction.).

20 The closest the Complaint comes to identifying a grant of jurisdiction is a cite to the

21 Higher Education Act ("HEA"), 20 U.S.C. §§ 1071-1099d. Compl. ¶19 ("Plaintiff seeks

22 a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-2202, that Defendants have

23 violated the Higher Education Act, 20 U.S.C. §§ 1071-1099d . . . ."). But the Higher

24 Education Act does not provide Plaintiff with the necessary waiver of sovereign immunity

25 for his suit to survive a jurisdictional challenge. While the HEA does provide a limited

26 waiver of sovereign immunity for the Secretary of Education to "sue and be sued" with

27 respect to the performance of duties under 20 U.S.C. §1082(a)(2), this waiver does not

28 extend to injunctive or declaratory relief. *See Valentino v. U.S. Dept. of Educ.*, No. 09-

cv-0006, 2009 WL 2985686, at *4 (S.D. Cal. 2009) (citing 20 U.S.C. §1082(a)(2) when holding that the plaintiff did not meet his burden of demonstrating that the HEA "authorizes a . . . declaratory relief claim.").

Plaintiff cannot rely on either the DJA or the HEA to proceed in his suit against the United States.  Plaintiff must first identify a statute that gives him a clear cause of action against the United States *and* contains a clear and unequivocal waiver of sovereign immunity.  Because Plaintiff has failed to do so, the Court should dismiss the First Claim for Relief.

**B.    The Department of Education Is Immune from Suit Under the Fair Credit Reporting Act.**

Plaintiff next seeks relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(f).  The Department of Education is immune from suit under the FCRA under the doctrine of sovereign immunity.  Again, Plaintiff must identify a clear and explicit waiver of immunity before he can exercise the right to sue the federal government.

The FCRA provides no such waiver.  As the Ninth Circuit has noted, a court must look to "FCRA as a whole—including the different contexts in which 'person' is used, and the inclusion of a clear waiver of sovereign immunity in an unrelated provision." *Daniel v. National Park Serv.*, 891 F.3d 762, 769 (9th Cir. 2018).  The Ninth Circuit explained that "[d]istilling a clear waiver of sovereign immunity in the FCRA would require [courts] to treat 'the United States' as a 'person' in each provision," but doing so would "lead[] to implausible results" that "underscore[] that Congress did not intend for the law's enforcement provisions to apply against the federal government." *Id.* at 770. The Court concluded that "the legislative history demonstrates that Congress never considered extending the enforcement provisions of the FCRA to the federal government," and "[t]he explicit waiver rule exists to prevent such inadvertent drafting from exposing the United States to liability." *Id.* at 776.

And a year later, the Fourth Circuit reached a similar decision in *Robinson v. United States Dep't of Educ.*, concluding that FCRA did not unambiguously and unequivocally

5

waive sovereign immunity for plaintiff's suit against the Department of Education because it was not clear from the text that Congress intended the definition of "person" in the relevant FCRA sections to include the United States or the federal government and because "the consequences of waiving immunity under FCRA's general liability provisions are anything but casual: the federal government is the nation's largest employer and lender."  No. 18-1822, 2019 WL 1051585, at *4 (4th Cir. Mar. 6, 2019).

Plaintiff's Complaint offers no evidence sufficient to meet the "burden of pointing to [] an unequivocal waiver of immunity."  *Holloman*, 708 F.2d at 1401.  Accordingly, the Court should dismiss Plaintiff's Second Claim for Relief.

### C.    The Department of Education Is Immune from Suit Under California State Law.

The Complaint's Third Claim for Relief appears to rely solely on the Consumer Credit Reporting Agencies Act ("CCRAA"), Civil Code section 178.25, a California state law.  This claim too is barred by sovereign immunity.  As noted above, an action against the United States is prohibited, and no subject matter jurisdiction exists, if the United States has not explicitly waived its sovereign immunity against suit.  *See*, *e.g.*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Here, Plaintiff has failed to cite a specific statute, which would waive the doctrine of sovereign immunity and subject Defendant to any state law credit reporting laws, including the CCRAA.  Consequently, this court lacks subject-matter jurisdiction to consider this claim, which must therefore be dismissed with prejudice.

### D.    The Punitive Relief Plaintiff Seeks Is Not Available Against the Federal Government.

Finally, Plaintiff's Complaint fails to plead sufficient grounds for the punitive damages he seeks in his prayer for relief.  Plaintiff seeks punitive damages under the FCRA and California state law. Compl. at 8.  It is well settled that the federal government, its instrumentalities, and its agencies cannot be subject to punitive damages without the express consent of Congress.  *See, e.g.*, *Daniel*, 891 F.3d at 771 ("There is a 'presumption

6

against imposition of punitive damages on governmental entities.'  Given the presumption, Congress must be explicit in licensing punitive damages against the sovereign . . . .") (internal citation omitted).  Since Plaintiff pleads no authority for the United States' waiver of sovereign immunity under either the FCRA or California's CCRAA, Plaintiff cannot establish that Congress explicitly authorized punitive damages against the federal government under either law.  Indeed, the Ninth Circuit held in *Daniel* that the FCRA was not sufficiently explicit to constitute express intent by Congress to subject the United States to punitive damages.  *Id.* ("The FCRA's [language] is not so lucid" as to establish explicit Congressional license of punitive damages.).  Thus, any claim for punitive damages should be dismissed with prejudice.

## V.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion.


Dated: August 12, 2022                    Respectfully submitted,

                                          STEPHANIE S. CHRISTENSEN
                                          Acting United States Attorney
                                          DAVID M. HARRIS
                                          Assistant United States Attorney
                                          Chief, Civil Division
                                          JOANNE S. OSINOFF
                                          Assistant United States Attorney
                                          Chief, General Civil Section, Civil Division


                                          */s/ Rahul R.A. Hari*
                                          RAHUL R.A. HARI
                                          Assistant United States Attorney

                                          Attorneys for Defendants